**IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF WEST VIRGINIA
MARTINSBURG**

**ELLEN OWUSU,**

        Plaintiff,

v.                                     **CIVIL ACTION NO: 3:13-CV-32
                                        (JUDGE GROH)**

**CHARLES H. POLK, MOUNTAIN STATE
UNIVERSITY, INC., MOUNTAIN STATE
UNIVERSITY BUILDING COMPANY,
MOUNTAIN STATE UNIVERSITY
FOUNDATION, INC., and MOUNTAIN STATE
UNIVERSITY ENDOWMENT FUND, INC.,**

        Defendants.

## MEMORANDUM OPINION AND ORDER GRANTING MOTION TO DISMISS

Currently pending before the Court is the MSU Defendants'[1] Motion to Dismiss [Doc. 80] in which Defendant Polk joins. The Defendants ask the Court to dismiss this case because the Plaintiff failed to appear at two properly noticed depositions. For the following reasons, the Court **GRANTS** this motion.

### I. Background

The Plaintiff was a nursing student at Mountain State University. She initiated this case on March 15, 2013 against the Defendants, seeking relief concerning the nursing program's loss of accreditation.

The MSU Defendants noticed the Plaintiff's deposition for April 9, 2014. The

---

[1] The MSU Defendants is a collective reference to Mountain State University, Inc., Mountain State University Building Company, Mountain State University Foundation, Inc., and Mountain State University Endowment Fund, Inc.

deposition was rescheduled for May 27, 2014 at 4:00 p.m. due to an unforeseen personal issue of the Plaintiff's counsel. On April 9, 2014, the MSU Defendants served an amended notice of the Plaintiff's deposition to that effect. Defs.' Mot. to Dismiss, Ex. B.

Before the Plaintiff's deposition, the Plaintiff's counsel requested that the MSU Defendants reschedule the deposition for earlier in the day on May 27, 2014. The Plaintiff made this request to allow her to travel to the deposition with Pauline Eyiah, her cousin, because Ms. Eyiah was also scheduled for a deposition that week in a case that she had brought against the Defendants. The MSU Defendants agreed to this request. They accordingly rescheduled the Plaintiff's deposition for May 27, 2014 at 12:00 p.m. and served an amended notice of the deposition on the parties. Id. at Ex. A.

On May 27, 2014, the Plaintiff did not appear for her deposition. She had not informed her counsel that she would not be appearing. Rather, at the time scheduled for the deposition, Ms. Eyiah informed all counsel that the Plaintiff was not present because she had a final exam. See Owusu Dep. 3:11-15, June 2, 2014. Counsel agreed that the Plaintiff's deposition could be rescheduled for June 2, 2014 at 2:30 p.m. The MSU Defendants served a third amended notice of the Plaintiff's deposition to that effect on May 27, 2014. Defs. Mot. to Dismiss, Ex. C.

The Plaintiff's counsel contacted the Plaintiff via email and letter about the rescheduled deposition. Owusu Dep. 3:20-22. Her counsel's office also called the Plaintiff the week before and morning of the deposition. Id. 3:23-24. The Plaintiff, however, did not appear on June 2, 2014 for her deposition. Id. 3:2-6. As of 3:34 p.m. on that date, her counsel had not heard from her at all that day. Id. 3:22-23.

On June 5, 2014, the Plaintiff's counsel contacted the MSU Defendants, stating that

2

the Plaintiff claimed she was unaware of the June 2, 2014 deposition. Her counsel averred that the Plaintiff would agree to travel to the office of the MSU Defendant's counsel for the deposition. That same day, the MSU Defendants emailed the Plaintiff's counsel concerning the terms on which they would reschedule the deposition instead of filing a motion to dismiss. See Defs.' Mot. to Dismiss, Ex. E. Their email stated that they would reschedule the deposition if the Plaintiff agreed to appear in Bridgeport, West Virginia and pay the costs needed for Defendant Polk's counsel to travel from Charleston, West Virginia to Bridgeport. Id. at 1. The MSU Defendants estimated these costs were $1,117.50. Id. On June 6, 2014, the Plaintiff's counsel emailed the Plaintiff about the MSU Defendants' email. Pl.'s Response, Ex. 3. He stated that her "case is subject to being dismissed on grounds that [she had] failed to appear for depositions on several occasions" and asked whether she agreed to the MSU Defendants' terms for rescheduling the deposition. Id. Later that day, the Plaintiff's counsel responded to the MSU Defendants via email. He stated that the Plaintiff "is amenable to making payment on the attorney fee on grounds that she does not have $1,117.50." Defs.' Mot. to Dismiss, Ex. E at 1. He also asked, "Is this acceptable, and, if so, what are the terms and conditions?" Id. The MSU Defendants rejected this offer, stating that they would file a motion to dismiss if the Plaintiff "cannot cover the costs associated with rescheduling her deposition for the third time." Id. at 3.

On June 16, 2014, the Defendants moved to dismiss this case. They argue that the Plaintiff's failure to appear at her deposition on two occasions warrants this sanction. In response, the Plaintiff does not dispute that she did not appear at her depositions and did not notify her counsel that the depositions posed a scheduling conflict. She argues that this Court should apply the doctrine of unclean hands based on the MSU Defendants' refusal

3

to accept her offer to pay the travel costs in installments.

To date, the Plaintiff's deposition has not been rescheduled. Discovery closed on July 1, 2014.

## II. Standard of Review

Federal Rule of Civil Procedure 37(d)(1)(A)(i) provides that a court "may, on motion, order sanctions if . . . a party . . . fails, after being served with proper notice, to appear for [her] deposition." Sanctions available in such cases may include:

> (i) directing that the matters embraced in the order or other designated facts be taken as established for purposes of the action, as the prevailing party claims;
>
> (ii) prohibiting the disobedient party from supporting or opposing designated claims or defenses, or from introducing designated matters in evidence;
>
> (iii) striking pleadings in whole or in part;
>
> (iv) staying further proceedings until the order is obeyed;
>
> (v) dismissing the action or proceeding in whole or in part; [and]
>
> (vi) rendering a default judgment against the disobedient party . . . .

Fed. R. Civ. P. 37(b)(2)(A)(i)-(vi); see also Fed. R. Civ. P. 37(d)(3).

"A trial court has broad discretion in applying sanctions . . . ." Holdren v. Poncove, Inc., Civil Action No. 5:07-cv-488, 2008 WL 4950146, at *1 (S.D.W. Va. Nov. 18, 2008) (citation and quotation marks omitted). When considering Rule 37 sanctions, a court must also weigh four factors: "(1) whether the non-complying party acted in bad faith, (2) the amount of prejudice the noncompliance caused the adversary, (3) the need for deterrence of the particular sort of noncompliance, and (4) whether less drastic sanctions would [be] effective." Belk v. Charlotte-Mecklenburg Bd. of Educ., 269 F.3d 305, 348 (4th Cir. 2001).

### III. Analysis

Applying the Belk factors to this case, the sanction of dismissal is warranted.

First, there is strong evidence of bad faith. The Plaintiff's deposition was rescheduled to a different time on May 27, 2014 per her request to make her travel less burdensome. Despite the fact that the Plaintiff requested the accommodation, however, she did not appear on that date. She also did not notify any counsel–even her own counsel–that she would not be attending. Yet, the MSU Defendants rescheduled the deposition for June 2, 2014. Again, the Plaintiff did not attend her deposition and did not inform any counsel that she would not be appearing. Although the Plaintiff may have claimed through her counsel that she was unaware that it was rescheduled for that date, she does not now aver that she lacked such knowledge. Indeed, it is apparent that the Plaintiff received notice of the deposition as the MSU Defendants properly noticed the deposition and her counsel contacted her multiple times concerning it. Accordingly, bad faith is evident because the Plaintiff failed to appear for her deposition on two occasions without notifying any counsel that she would not attend.

Second, the Plaintiff's repeated failure to appear at her deposition has inflicted significant prejudice on the Defendants. The MSU Defendants attempted to schedule her deposition well before the discovery deadline. Now, the discovery deadline has passed and the Plaintiff has not been deposed. Without the Plaintiff's deposition testimony, the Defendants cannot adequately defend against the Plaintiff's claims. See Parrish v. Brand Energy Servs. of Pittsburgh, LLC, Civil Action No. 1:12CV3, 2012 WL 6878910, at *4 (N.D.W. Va. Oct. 23, 2012) ("Failure to attend and submit to questioning under oath by counsel for the party you have sued precludes that party's ability to effectively defend

5

itself."). Accordingly, the Plaintiff's failure to attend her deposition prejudiced the Defendants.

Third, the Plaintiff's willful noncompliance requires deterrence. The Plaintiff did not appear for her deposition without notifying any counsel not once but twice as the discovery deadline neared. Permitting such conduct to continue would undermine the Court's scheduling order and the Federal Rules of Civil Procedure. Indeed, the Plaintiff's conduct calls into question whether she would ever appear such that this matter could proceed in its regular course. Accordingly, deterrence is needed.

Fourth, less drastic sanctions found in Rule 37(b)(2)(A)(i) through (vi) would not be effective. Subsections (i) and (ii) do not apply as there are no particular facts, claims, or defenses at issue. Rather, the Plaintiff's noncompliance impacts the entire case Striking portions of the pleadings per subsection (iii) is inappropriate because the Plaintiff's failure to appear at her deposition negatively impacted the Defendants' ability to defend against the whole case. Staying the proceedings pursuant to subsection (iv) would be ineffective because a stay would condone the delay that the Plaintiff's noncompliance caused. See Parrish, 2012 WL 6878910, at *6 n.5. Finally, imposing a default judgment per subsection (vi) or striking the entirety of the Plaintiff's complaint per subsection (iii) would have the same effect as dismissing the case. See id. Thus, in light of all of the relevant factors, no sanction other than dismissal would be effective.

Finally, the doctrine of unclean hands does not preclude dismissal. Under this doctrine, "no party asserting an equitable claim or an equitable defense may himself or herself be 'tainted with inequitableness or bad faith relative to the matter in which he [or she] seeks relief, however improper may have been the behavior' of the other party." Plant

6

v. Merrifield Town Ctr. Ltd., 711 F. Supp. 2d 576, 596 (E.D. Va. 2010) (quoting Precision Instrument Mfg. Co. v. Auto. Maint. Mach. Co., 324 U.S. 806, 814 (1945)). "Any willful act concerning the cause of action which rightfully can be said to transgress equitable standards of conduct is sufficient" to invoke this defense. Precision Instrument Mfg. Co., 324 U.S. at 815. There is no indication that the Defendants engaged in inequitable conduct when scheduling the Plaintiff's depositions. To the contrary, there is significant evidence that the Defendants have acted in good faith. The Defendants rescheduled the deposition several times, even after the Plaintiff failed to appear without notifying any counsel. The Defendants had grounds to move to dismiss this case immediately after the Plaintiff did not appear for her deposition a second time. See. e.g., Holdren v. Poncove, Inc., Civil Action No. 5:07-cv-488, 2008 WL 4950146, at *1 (S.D.W. Va. Nov. 18, 2008) (dismissing a case where plaintiffs twice failed to appear at properly noticed depositions). Instead, they gave the Plaintiff an opportunity to avoid dismissal by proposing conditions on the rescheduling of her deposition. The parties simply did not reach an agreement. The Plaintiff has not pointed to any authority stating that the Defendants were required to accept her offer to pay the fees associated with rescheduling the deposition in installments. Thus, the doctrine of unclean hands does not apply.

## IV. Conclusion

Having found that dismissal is the appropriate sanction for the Plaintiff's repeated failure to appear at her deposition, the Court **GRANTS** the Defendants' Motion to Dismiss. Accordingly, the Court **DISMISSES** this case **WITH PREJUDICE**. The Court **ORDERS** that this case be **STRICKEN** from its active docket.

It is so **ORDERED**.

The Clerk is directed to transmit copies of this Order to all counsel of record.

**DATED:** July 25, 2014

/s/ Gina M. Groh
GINA M. GROH
UNITED STATES DISTRICT JUDGE